PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIO MORILLO ET AL., Defendants and Appellants.

No. 6207. Argued December 4, 1936.—Decided December 16, 1936.

*Diego O. Marrero,* for appellants. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Morillo, the owner of a café, and Rodríguez, a waiter, were convicted of keeping and offering for sale adulterated

milk in violation of Section 1 of "An Act providing for the Aduteration of milk and for other purposes," approved August 12, 1925 (Laws, page 558).

 Appellees specify three grounds of appeal as follows:

"*First error.*—The court committed a clear error in rendering judgment against the accused appellants, in view of the fact that from the evidence offered and admitted there do not arise any sufficient probative clements to sustain the crime charged to the accused.

*Second error.*—The district court committed a clear error in rendering a judgment against the accused, in view of the fact that, in case there is any proof in this case, the same would be clearly at variance with the information.

"*Third error.*—The district court committed a clear error in rendering judgment against the accused, Antonio Morillo, since it was proved by a preponderance of the evidence that said accused, at the date at which the commission of the crime was fixed, was not the owner of the restaurant where the milk was seized."

There was sufficient evidence to the effect that the milk in question was kept for sale. It was not necessary to prove a sale. Testimony tending to show that the milk was intended for the use of customers who wished to mix it with coffee or to add sugar to the mixture before drinking it did not alter the fact that the milk was kept for sale. See *People* v. *Blanco,* 33 P.R.R. 331; *People* v. *Bermúdez,* 35 P.R.R. 546 and *People* v. *Lomba,* 44 P.R.R. 394. The law makes no distinction between the owner or proprietors of milk stalls and the owners or proprietors of cafés. *Ubi lex non distinguit, nec nos distinguere debemus.*

 The theory of the second assignment is that defendants were not guilty of the offense charged but of another offense, namely, the use of adulterated or diluted milk for industrial purposes "in the preparation of food for human consumption." There was some testimony tending to show that Morillo sold milk only after mixing the same with coffee. Assuming for the sake of argument that the milk so sold

could be said to have been used "for industrial purposes" within the meaning of the law, the brief for appellants fails to satisfy us that Morillo was not also guilty of keeping milk for sale as found by the district court. Without prejudice to further consideration of the question if a stronger showing can be made in some future case, we agree with the district court that milk is kept for sale whether the intended sale be a sale of the milk only or of the milk after mixing it with coffee.

The question as to whether Morillo was the owner of the café at the time of the offense was a question of fact and we are unable to agree with counsel for appellants as to the alleged preponderance of the evidence on this point.

█ Our only doubt has been as to whether a waiter in a restaurant where no actual sale or offer of sale is shown to have been made by him can be convicted of keeping for sale the milk so kept by the owner or proprietor. Although this question has not been discussed in the brief, we are inclined to give the defendant, Rodríguez, the benefit of our own doubt on this point.

The judgment appealed from must be reversed as to Rodríguez and in all other respects, affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.